Spear, J.
From the foregoing statement it is apparent that the question on the surface is as to the jurisdiction of the court of common pleas to entertain the application, and involved in that inquiry, at least in one aspect of it, the further question as to the jurisdiction of the common pleas in the appealed case to make the appointment of a guardian complained of. It is not claimed that the appointment is invalid because of any mere informality in the steps taken by the court of common pleas in respect to such attempted appointment, but simply and only that that court was restricted to a finding whether or not Oliver was an imbecile, and whether or not a guardian was needed, and was. wholly without power to do other upon a finding in the affirmative upon these questions than to certify the matter to the probate court for its action as to an appointment.
The argument of counsel centers principally around the question whether or not the common pleas had jurisdiction to make any appointment of a guardian, the claim of counsel for plaintiff in error being that the jurisdiction to appoint guardians for imbeciles is exclusively vested (in the absence of disability on the part of the probate judge) in the probate court, and that jurisdiction having properly attached by the application for *477 that purpose by proper parties to the probate court of Ashland county, such jurisdiction could not be divested by an appeal, and such jurisdiction to appoint should have been exercised by the probate court so soon as the question of the imbecility, and the need of a guardian, had been determined by the common pleas, whenever that might be.
By the constitution, section 8 of article IV, the probate court is given jurisdiction in the appointment of guardians. But this jurisdiction is not by this provision made exclusive, and so we go to the statute law for an answer to the question raised.
Section 524 of the Revised Statutes, the statute chiefly relied upon by counsel for plaintiff in error, provides as to guardians, that “The probate court shall have exclusive jurisdiction, except as hereinafter provided: * * * Fourth, to appoint and remove guardians, to direct and control their conduct, and to settle their accounts.” Further provision in respect to such appointments is made by section 6302, which is that: “The probate court, upon satisfactory proof that- any person resident of the county * * * is an imbecile * * * shall appoint a guardian for such person.” But the section which is made more particularly the subject of inquiry in this case is section 6407, relating to appeals from the probate court to the common pleas. The pertinent provisions of that section are: “In addition to cases specially provided for, appeals may be taken to' the court of common pleas from any order, decision or judgment of the probate court in settling the accounts of * * * a guardian; from an order removing or‘ refusing to remove *478 * * * a guardian * * *; and in proceedings to appoint guardians for * * * imbeciles * * * by any person against whom such order, decision or decree shall be made, or who may be affected thereby; and the cause so appealed shall be tried, heard, and decided in the court of common pleas in the same manner as though the said court of common pleas had original jurisdiction thereof.” Following this (sections 6408 and 6409) there are provisions for the giving. of bond, for the making out and transmission to the clerk of the common pleas of an authenticated transcript of the docket or journal entries and of the order, decision or decree appealed from, and upon compliance with this section, “the appeal shall thereupon be considered perfected.” Then by section 6410 it is provided: “Upon the decision of any cause appealed to the court of common pleas, the clerk of said court shall make out an authenticated transcript of the order, judgment and proceedings of 'said court therein, and shall file the same with the probate judge, who shall record the same and the proceedings thereafter shall be the same as if such order, judgment and proceedings had been had in the probate court.” The foregoing seem to be all the legislation that has been had bearing upon the question involved in the contention, and the question is, does it give to the common pleas on appeal the entire matter that was presented to the probate court, or only that part of it which relates to the finding respecting the imbecility of the person, the subject of inquiry and the necessity for a guardian.
It is not questioned that, by virtue of the statutes, exclusive original jurisdiction to appoint *479 guardians for imbeciles is vested in the probate court. But that concession does not materially aid in a determination of the controversy here because the common pleas, in the appointment of Shelley did not undertake to exercise original, but strictly appellate, jurisdiction. So that the question is determined by the section respecting appeals from the probate to the common pleas, and we are of opinion that it is not difficult of solution. The section in terms provides that the appeal may be taken from the order, decree or judgment. The application to the probate court was not simply to procure a finding that Oliver was an imbecile. Such finding would have been entirely useless unless followed by an appointment. So that the gist and purpose of the application was to procure the appointment, and the order and judgment of the probate court appealed from was the order refusing the appointment and the judgment dismissing the proceeding. This appeal by clear intendment carried to the common pleas the whole controversy. Such is the plain import of the language of the section. The cause is appealed; not a part of it, but all of it. The word cause is defined as a suit or action. Action is the formal demand of one’s right from or upon another made in a court of justice. Suit is a more general term denoting any legal proceeding of a civil kind. It is the action, the cause therefore, which is appealed. And, as if to make the purpose plainer, the section closes with the provision that the cause shall be tried, heard and decided as though the common pleas had original jurisdiction. Is it conceivable that the general assembly could have had in mind the *480 enactment of a statute giving to the common pleas in a proceeding of this kind original jurisdiction to merely find a person an imbecile and then rest? We think not. And yet such would be the natural inference if the position of the plaintiff in error is correct.
We are of opinion that when the cause was appealed the entire case went up and the.common pleas had all the power that was lodged in. the probate court originally, and that this necessarily included the power to appoint a guardian. So that in that particular there was no sufficient ground presented to the court of common pleas in the application made to that court to remove Shelley. And inasmuch as the probate court, by section 524, has exclusive original jurisdiction in the matter of the removal of guardians, the common pleas can have no original jurisdiction in such matter, and it follows necessarily that the probate court is the court to which application to remove should in the first instance be made. The common pleas, therefore, for this additional reason had no jurisdiction to entertain the application to remove Shelley and the sustaining of the demurrer to the application and dismissal of the proceeding was the proper finding to make and judgment to render.

Judgment affirmed.

Shauck, C. J., Price, Crew and Summers, JJ., concur.